UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CODY BYRD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-CV-157-CLC-CHS |
| | ) |
| CORPORAL CRAWFORD, CO KEENE, | ) |
| and CO BOWSER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

Plaintiff, an inmate housed in the Sullivan County Detention Center, filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out his cell flooding [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 3]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* will be **GRANTED**, and this action will be **DISMISSED** because the complaint does not allow the Court to plausibly infer that any Defendant disregarded a substantial risk of harm to Plaintiff, and it therefore fails to state a claim upon which relief may be granted under § 1983.

**I.      FILING FEE**

First, as it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 3] that he cannot pay the filing fee, this motion is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds

ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk is **DIRECTED** to provide a copy of this Memorandum and Order to both the custodian of inmate accounts at Plaintiff's current institution and the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.    COMPLAINT SCREENING

### A.   Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However,

courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

B.  **Allegations**

On June 5, 2023, Plaintiff woke up at four-thirty a.m. and found "[his] bed, sheet, and blanket . . . soaked by a foul[-]smelling water that was coming through a crack in the floor" [Doc. 1 p. 3–4]. Plaintiff notified Defendant Corporal Crawford and showed her his cell, but Defendant Crawford stated that "all she could do [was] tell maintenance" [*Id.* at 4]. Defendant Crawford also did not allow Plaintiff to change out his mat, take a shower, wash and dry his sheet and blanket, or clean the cell [*Id.*].

At around ten a.m., Plaintiff notified Defendant CO Keene of the cell flooding, and this Defendant laughed and said he would not let Plaintiff shower, clean the cell, switch out his mat, or do laundry [*Id.*].

At around three-forty-five, Plaintiff "showed [Defendant CO Bowser] the issue" [*Id.*]. Defendant CO Bowser and CO Norton then let Plaintiff switch out mats and did laundry while Plaintiff was in the recreational yard [*Id.*]. When Plaintiff came back in, he was able to clean his cell but not take a shower [*Id.*].

During Plaintiff's recreational time, he filed various grievances [*Id.*]. At some point, maintenance worked on the pipes next door to the cell that had flooded, but no one filled in the crack to ensure it would not flood again [*Id.*].

3

Plaintiff sued Corporal Crawford, CO Keene, and CO Bowser [*Id.* at 1, 3]. As relief, he seeks "financial compensation for the unsanitary, inhumane, and emotional tra[u]ma situation . . . on 6/05/2023" [*Id.*].

C.  Analysis

It is unclear whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the incident at issue in his complaint. But even if the Court assumes that Plaintiff was a pretrial detainee and therefore applies the arguably greater protections of the Fourteenth Amendment,[1] his complaint fails to state a claim upon which relief may be granted under § 1983 as to any Defendant.

A conditions-of-confinement claim has both objective and subjective elements. *Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006) (internal citations and quotation marks omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The objective element requires an allegation of a "sufficiently serious" deprivation. *Id.* As it is well-established that "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman* 452 U.S. 337, 349 (1981), only allegations of "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" support a cognizable conditions-of-confinement claim. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (citations and quotations omitted).

As to the subjective element, because the Court presumes Plaintiff was a pretrial detainee at the time of the incidents alleged in his complaint, a jail official could not punish him through deliberate indifference to his conditions of confinement. *See Bell v. Wolfish*, 441 U.S. 520, 535

---

[1] A pretrial detainee's constitutional protections originate from the Due Process Clause of the Fourteenth Amendment. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). Despite the distinct constitutional provisions protecting the differing custodial designations, the protection offered by the Due Process Clause is "similar if not greater" than those afforded by the Eighth Amendment to convicted prisoners. *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849–50 (1998)); *see also Griffith v. Franklin Cnty., Ky.,* 975 F.3d 554, 566 (6th Cir. 2020).

(1979); *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). A jail official is deliberately indifferent to a pretrial detainee's conditions of confinement when he acts "deliberately" and "recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).

As set forth above, Plaintiff's complaint alleges that, despite his complaining to Defendant Corporal Crawford about the flooding in his cell and the resulting saturation of his mattress, bed linens, and blanket early in the morning and his complaining to Defendants CO Keene and Bowser about these issues later in the day, these Defendants did not allow Plaintiff to shower, do laundry, clean his cell, or switch out his mat. Thus, Plaintiff was unable to clean his cell or obtain clean bedding until that evening. However, these allegations do not allow the Court to plausibly infer that any Defendant was deliberately indifferent to a substantial risk of serious harm to Plaintiff.

Specifically, while Plaintiff alleges that the liquid that flooded his cell and saturated his mattress, bed linens, and blanket was "foul[-]smelling," Plaintiff has not set forth facts from which the Court can plausibly infer that any Defendant knew or had reason to know that this liquid posed an unjustifiably high risk of harm to Plaintiff. Plaintiff also does not allege or set forth facts indicating that any of the liquid touched his clothing or skin. And Defendants' mere knowledge that a bad-smelling liquid had saturated an unspecified portion of Plaintiff's bedding and cell does not allow the Court to plausibly infer that they knew of an extreme risk of harm to Plaintiff. Thus, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 3] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

**ENTER**:

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**